**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0262-17T4

TRENTON BOARD OF
EDUCATION,

     Plaintiff-Respondent,

v.

TRENTON EDUCATION
ASSOCIATION,

     Defendant-Appellant.

_____

Argued October 16, 2018 – Decided January 28, 2019

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1422-17.

Keith Waldman argued the cause for appellant (Selikoff & Cohen, PA, attorneys; Keith Waldman, of counsel and on the briefs; Hop T. Wechsler, on the brief).

John E. Croot, Jr. argued the cause for respondent (Adams Gutierrez & Lattiboudere, LLC, attorneys; John E. Croot, Jr., of counsel and on the brief; Kimberly G. Williams, on the brief).

PER CURIAM

Defendant, Trenton Education Association, appeals from the Law Division's final judgment dismissing its counterclaim to confirm an arbitration award and vacating the award as demanded by plaintiff, Trenton Board of Education, in its complaint. The arbitration award arose from plaintiff's discipline of an educator. The arbitrator found just cause for the discipline but also found that the punishment was too harsh and modified plaintiff's actions. Plaintiff filed a complaint to vacate or modify the award, arguing that the arbitrator exceeded her authority and that her decision was contrary to state law and public policy. Defendant disagreed and maintained that the award should be confirmed and the complaint dismissed. The trial court vacated the arbitration award, finding the arbitrator exceeded her authority by modifying the discipline imposed by plaintiff.

On appeal, defendant argues that the arbitrator correctly decided the case, the trial court erroneously found that the arbitrator exceeded her authority, and it failed to apply the extremely narrow grounds for vacating or modifying an arbitration award. It also argues that the trial court misinterpreted and misapplied Supreme Court precedent. Moreover, it contends that the burden of proof was shifted from the plaintiff to defendant. We reverse because after our

A-0262-17T4

de novo review, we conclude the arbitrator did not exceed her authority as found by the trial court.

The facts gleaned from the record are summarized as follows. During the 2015-2016 school year, Carmel Gabriel was a teacher in a middle school within the Trenton Public School District. Adrienne Hill served as the principal of that school and was Gabriel's supervisor. Beginning in December 2015, Hill and the school's vice principal cited Gabriel for various deficiencies in his professional conduct. Those deficiencies included problems with Gabriel's teaching practices, his failure to attend mandatory meetings or to submit required reports, and his including in his students' progress reports vulgar, expletive filled quotations of their alleged comments to him during classes. There was also an allegation that he slammed a door when he left a scheduled meeting after the vice principal was delayed and asked Gabriel to wait for him. After Gabriel received warnings from Hill throughout the school year, he corrected his behavior, reissued the student reports without the vulgarity, and there was no evidence that he repeated any of the conduct for which he was cited.

Based on Gabriel's conduct, Hill initially recommended to plaintiff that tenure charges be brought against Gabriel, but towards the end of the 2015-2016 school year, she allegedly converted the recommendation into one for a salary

3

increment withholding. Plaintiff approved the increment withholding at its May 31, 2016 meeting, stating that the withholding would be "effective September 1, 2016," without setting a termination date for that action.

In response to plaintiff's action against Gabriel, defendant filed a grievance that was addressed through the procedure stated in the parties' collective bargaining agreement. After the increment withholding was upheld at each stage of the procedure, defendant demanded arbitration through the Public Employment Relations Commission ("PERC"). On September 7, 2016, PERC designated an arbitrator.

The question submitted for arbitration was: "Did the Board have just cause to withhold . . . Gabriel's salary increment effective September 1, 2016? If not, what shall be the remedy?" According to the arbitrator, under the parties' collective agreement, "teachers [were] not [to] be disciplined, reprimanded, reduced in rank or compensation or deprived of any professional advantage without just cause." However, the agreement did not define "just cause."

The arbitrator conducted an evidentiary hearing and considered the parties' post-hearing briefs. The arbitrator issued her written decision and award on March 16, 2017, finding just cause for discipline, but limiting the period of salary increment withholding to one year. In her decision, the arbitrator noted

A-0262-17T4

"that the parties agree that . . . Gabriel's classroom performance [was] not an issue," and stated that "the question presented [was] whether [plaintiff] had just cause to withhold Gabriel's increment." Citing to various conduct by Gabriel, other than the door-slamming incident, the arbitrator found that plaintiff proved that Gabriel "engaged in unprofessional and unbecoming conduct."

While the arbitrator found Gabriel's conduct provided just cause for discipline, she found the indefinite salary increment withholding to be too harsh. She observed that Gabriel was able to mitigate his conduct by "rescinding and redoing the report cards/progress reports, excising the offensive comments, by refraining from including such remarks in progress reports and report cards, by improving his attendance at weekly . . . meetings[,] and by submitting his required reports."

The arbitrator also noted that plaintiff failed to use progressive discipline, a "basic ten[e]t of just cause." She stated that, "[p]rogressive discipline enabled an employee to correct behavior that does not meet standards of performance or conduct." The arbitrator again relied upon actions taken by Gabriel to correct his behavior after being cited by Hill and his having not repeated any of the objectionable behaviors.

A-0262-17T4

Turning to the discipline imposed by plaintiff, the arbitrator stated, "it is characteristic of an increment withholding that its effects put the disciplined employee at a lower step than he would have been for the rest of his career until he reaches top pay on the salary guide." She found that in light of Gabriel's mitigating conduct, an increment withholding of one year was appropriate. She ordered plaintiff to "prospectively, but not retroactively," restore Gabriel's salary in September 2017 to where it would have been had he not been disciplined.

Plaintiff filed a complaint to vacate or modify the arbitration award and defendant filed an answer and counterclaim seeking to confirm the award. On August 17, 2017, the parties appeared before the trial court for oral argument and, after considering the parties' submissions and arguments, the trial court placed its reasons for vacating the award on the record.

At the outset, the trial court acknowledged the deference that is "accorded" to arbitrator's decisions, that it was "not [the court's] job to second guess an arbitrator's decision," and that plaintiff had "a heightened burden [as the] applicant here to have [the court] vacate [the] arbitration award . . . ." The court also indicated the limited statutory circumstances under N.J.S.A. 2A:24-8 where

vacating an award would be appropriate. It viewed the parties' dispute as a question of whether the arbitrator exceeded her authority.

The trial court explained its understanding of the question before the arbitrator by stating the following:

> Did [plaintiff] have just cause to withhold . . . Gabriel's salary increment effective September 1, 2016? It does [not] say permanent in there. It just says just cause to withhold the increment. And obviously, the arbitrator said yes to that because she said yes, it should be withheld as of September 1, 2016. And there was just cause for that. She did [not] say permanent. But that was [not] the question in front her.
>
> The question is just did they have the authority to do that.
>
> . . . .
>
> So because the arbitrator here said yes to the first question, that is the end of the analysis.
>
> . . . .

The court rejected defendant's contention that the Supreme Court's holding in Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko, 202 N.J. 268 (2010) applied to this case because in Linden, the arbitrator did not find just cause to terminate an employee and in this case, the arbitrator found just cause for the salary increment withholding. Applying the Supreme Court's holding in

Probst v. Bd. of Educ., 127 N.J. 518 (1992) and N.J.S.A. 18A:29-14,[1] the trial court concluded that because the arbitrator found just cause for a salary increment withholding, "it [was] within [plaintiff's] prerogative . . . to make a decision at the end of that increment [withholding to decide whether] . . . to restore it or not, or keep it permanent." For that reason, the court granted plaintiff's application and vacated the arbitration award relating to the discipline imposed by plaintiff. This appeal followed.

On appeal, defendant initially contends that the trial court "failed to correctly apply the extremely narrow grounds for vacating . . . an arbitrator's award" as defined by N.J.S.A. 2A:24-8 by wrongfully concluding the arbitrator exceeded her authority and that it misapplied the Court's holdings in Linden and Probst. We agree.

We review a trial court's decision to affirm or vacate an arbitration award de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013). In our review, we owe no special deference to "[t]he 'trial court's interpretation of the law and the legal consequences that flow from the established facts . . . .'"

---

[1] The statute authorizes a "board of education [to] withhold, for inefficiency or other good cause, the employment increment, or the adjustment increment, or both, of any member in any year" and allows a board to not "pay any such denied increment in any future year as an adjustment increment." N.J.S.A. 18A:29-14.

Town of Kearny v. Brandt, 214 N.J. 76, 92 (2013) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Public policy in this state favors resolution of disputes through arbitration, especially in matters involving the public sector. For that reason, there is a "strong judicial presumption in favor of the validity of an arbitral award [and] the party seeking to vacate it bears a heavy burden." Del Piano v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 372 N.J. Super. 503, 510 (App. Div. 2004). "'[T]he party opposing confirmation ha[s] the burden of establishing that the award should be vacated pursuant to N.J.S.A. 2A:24-8.'" Twp. of Wyckoff v. PBA Local 261, 409 N.J. Super. 344, 354 (App. Div. 2009) (second alteration in original) (quoting Jersey City Educ. Ass'n v. Bd. of Educ. of City of Jersey City, 218 N.J. Super. 177, 187 (App. Div. 1987)).

N.J.S.A. 2A:24-8 provides that an arbitrator's award shall be vacated in any of the following limited circumstances:

> a. Where the award was procured by corruption, fraud or undue means;
>
> b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any

A-0262-17T4

other misbehaviors prejudicial to the rights of any party;

d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.

A court therefore may vacate an arbitrator's award under subsection (d) if the "arbitrator decided a legal question not placed before him or her by the parties [because it] is tantamount to a claim that the arbitrator 'imperfectly executed [his or her] powers' [or] exceeded his or her authority within the meaning of N.J.S.A. 2A:24-8(d)." Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 13 (2017) (second alteration in original) (quoting N.J.S.A. 2A:24-8(d)).

> When confronted with an allegation that the arbitrators exceeded their authority by resolving an issue the parties did not intend to submit, we will review the arbitrator's interpretation of the parties' intentions under a "highly deferential" standard. Nonetheless, this deference is not a rubber stamp, and our review must focus upon the record as a whole in determining whether the arbitrators manifestly exceeded their authority in interpreting the scope of the parties' submissions.
>
> [Ibid. (quoting Metromedia Energy, Inc. v. Enserch Energy Servs., 409 F.3d 574, 579 (3d Cir. 2005)).]

Furthermore, in a public sector arbitration, "a court 'may [also] vacate an award if it is contrary to existing law or public policy.'" Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 202 (2013) (quoting

10

Middletown Twp. PBA Local 124 v. Twp. of Middletown, 193 N.J. 1, 11 (2007)). "However, '[r]eflecting the narrowness of the public policy exception, that standard for vacation will be met only in rare circumstances.'" Ibid. (alteration in original) (quoting N.J. Tpk. Auth. v. Local 196, I.F.P.T.E., 190 N.J. 283, 294 (2007)).

With these guiding principles in mind, we turn to our review of the arbitrator's determination in this case. Our role in reviewing arbitration awards is "very limited" and "[a]n arbitrator's award is not to be cast aside lightly." Yarborough v. State Operated School Dist. of City of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018) (quoting Bound Brook Bd. of Educ., 228 N.J. at 11). "The well-established standard, . . . [as] reaffirmed in [Linden], is that 'an arbitrator's award will be confirmed "so long as the award is reasonably debatable."'" Policemen's Benevolent Ass'n, Local No. 11 v. City of Trenton, 205 N.J. 422, 428-29 (2011) (quoting Linden, 202 N.J. at 276). "That high level of deference springs from the strong public policy favoring 'the use of arbitration to resolve labor-management disputes.'" Id. at 429 (quoting Linden, 202 N.J. at 275-76). "Indeed, arbitration should be a fast and inexpensive way to achieve final resolution of such disputes and not merely 'a way-station on route to the courthouse.'" Ibid. (quoting Linden 202 N.J. at 276).

In our limited review, "where a collective bargaining agreement provides for binding arbitration, 'it is the arbitrator's construction that is bargained for,' and not a court's construction." Ibid. (quoting Linden, 202 N.J. at 276). "[S]o far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him [or her] because their interpretation of the contract is different . . . ." Ibid. (first alteration in original) (quoting United Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 599 (1960)).

However, "an arbitrator's award is [not] impervious to attack. . . . [A]n arbitrator's 'award is legitimate . . . so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.'" Ibid. (quoting United Steelworkers, 363 U.S. at 597). "[I]n public sector arbitration, [a] court[] will[, however,] accept an arbitrator's award so long as the award is 'reasonably debatable.'" Local 196, 190 N.J. at 292. "'[A] court . . . "may not substitute its own judgment for that of the arbitrator, regardless of the court's view of the correctness of the arbitrator's interpretation."'" Borough of E. Rutherford, 213 N.J. at 201-02 (quoting Middletown Twp., 193 N.J. at 11).

A-0262-17T4

It is within the authority of an arbitrator to determine "'in the first instance . . . the scope of the parties' submissions in order to identify the issues that the parties intended to arbitrate.'" Bound Brook Bd. of Educ., 228 N.J. at 13 (quoting Metromedia Energy, Inc., 409 F.3d at 579). That authority is limited by N.J.S.A. 2A:24-8 as well as "by the questions framed by the parties in a particular dispute" and an arbitrator's award "should be consonant with the matter submitted." Id. at 12 (first quoting Local No. 153, Office & Prof'l Emps. Int'l Union v. Tr. Co. of N.J., 105 N.J. 442, 449 (1987); and then quoting Grover v. Universal Underwriters Ins. Co., 80 N.J. 221, 231 (1979)).

In Linden, the Supreme Court considered whether an arbitrator exceeded his authority by modifying a school district's termination of an employee under facts similar to those in the present appeal. There, the question presented to the arbitrator asked, "Did the Board of Education have just cause to terminate the employment of [the employee]? And, if not, what shall be the remedy?" Linden, 202 N.J. at 277. The arbitrator concluded that while "there was just cause for the imposition of discipline[,] . . . the appropriate sanction was a ten-day suspension without pay." Id. at 273. The Court concluded that the arbitrator did not exceed his authority because "[t]he questions submitted imply that a remedy other than termination would be appropriate, because if the arbitrator

did not find just cause <u>to terminate</u>, the parties asked the arbitrator to both fashion and impose an appropriate remedy." <u>Id.</u> at 277-78 (emphasis added). The Court stated that because "the expertise of the arbitrator was sought, . . . the arbitrator was free to determine that the misconduct did not rise to a 'level . . . that constitutes just cause <u>for discharge</u>.'" <u>Id.</u> at 279 (emphasis added) (quoting <u>County Coll. of Morris Staff Ass'n v. County Coll. of Morris</u>, 100 N.J. 383, 394 (1985)).

Contrary to plaintiff's contentions here, we discern no difference between <u>Linden</u> and the present matter. Simply stated, the arbitrator here was within her authority to determine whether there was just cause to impose an indefinite salary increment withholding or some other remedy once she determined Gabriel's conduct was "unbecoming." The fact that the question put to the arbitrator did not contain the word "permanent" did not limit the arbitrator's authority to modify the discipline imposed once she determined it was not warranted. Her determination was consistent with the questions posed by the parties, which, as in <u>Linden</u>, included a request for the arbitrator to exercise her expertise and fashion a remedy if just cause did not exist for an indefinite salary withholding.

We reject plaintiff's contention that the trial court correctly determined Probst rather than Linden controls here. In Probst, the Court addressed the "interplay" between N.J.S.A. 18A:29-4.1, which "allows local school boards to adopt binding salary schedules outlining compensation for teachers for periods of up to three school years" and N.J.S.A. 18A:29-14, which "permits local school boards to withhold salary increments from teachers who have not performed satisfactorily during the previous year." Probst, 127 N.J at 520. The dispute in that case, which did not involve an arbitration award, related to a board's authority to impose salary increment withholdings indefinitely. Id. at 521-24. There, the Court concluded that there was no statutory mandate that teachers who had been subject to a withholding would be then returned to an adopted salary schedule. Id. at 528. Rather, the determination whether to return the teacher to the schedule was within the local board's discretion. Ibid.

In the instant matter, defendant never challenged plaintiff's statutory authority to impose salary increment withholdings and the board's authority to do so was never an issue considered by the arbitrator. Rather, according to the question put to the arbitrator by the parties, the issue was limited to whether Gabriel's conduct warranted the imposition of that remedy for an indefinite time

period, and if not, what should the remedy be, if any. By imposing a one-year salary increment withholding, the arbitrator did not exceed her authority.

Because we conclude the trial court's vacating of the arbitrator's award was in error, we need not reach defendant's remaining argument regarding the shifting of the burden of proof. We only note that we did not discern anything in the record to substantiate defendant's contention.

Reversed and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION